UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLINT STERLING McCOLLAM,            Case No. 3:16-cv-02005-JR

                 Plaintiff,

                                                            OPINION AND ORDER

       v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

RUSSO, Magistrate Judge:

       Plaintiff Clint Sterling McCollam brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. See 42 U.S.C. §§ 401-403, 1381-83(f). All parties have consented to a Magistrate Judge in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for further proceedings.

## PROCEDURAL BACKGROUND

On February 4, 2014, plaintiff applied for DIB and SSI. Tr. 193-205. Plaintiff's alleged disability began January 5, 2014, due to a "broken heel" and head trauma. Tr. 244. The Social Security Administration denied plaintiff's claims initially and upon reconsideration. Plaintiff then filed a request for a hearing. Tr. 73, 84. On January 5, 2016, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 30. On March 24, 2016, the ALJ denied plaintiff's claim. Tr. 12-24. After the Appeals Council denied plaintiff's request for review, plaintiff filed a complaint in this court. Tr. 1-6.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the Commissioner determines whether a claimant is engaged in substantial gainful activity. Yuckert, 482 U.S. at 140; 20 C.F.R. § 416.920(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment, he is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments . . . the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. § 416.920(f). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner.

At step five, the Commissioner must establish the claimant can perform other work existing in significant numbers in the national or local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 416.920(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.966.

## DISCUSSION

Plaintiff argues the ALJ erred by: (1) improperly rejecting a medical opinion; (2) failing to develop the record; and (3) failing to find plaintiff met Listing 12.05(C).

1. <u>Medical Opinion of Emile Stalick, Ph.D.</u>

Plaintiff contends the ALJ failed to appropriately incorporate limitations assessed by Dr. Emile Stalick in making his residual functional capacity ("RFC") findings. Plaintiff argues such limitations preclude him from working.

Physician opinions are weighted based on the nature and quality of their relationship with the patient. See Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007). Factors for evaluating a physician-patient relationship include its length, frequency of examination, if the physician examined or treated the patient, and if the physician's opinion is supported by evidence and consistent with other opinions. Id. When a physician's opinion is offered as a recommendation it is not an imperative. See Carmickle v. Comm'r, 533 F.3d 1155, 1165 (9th Cir. 2008).

Dr. Stalick evaluated plaintiff and documented the following recommendations in his report:

1. Give [plaintiff] activities that are manageable then gradually increase duration and complexity as he improves.
2. Those closest to [plaintiff] are encouraged to use concise verbal directions for tasks. This can be accomplished by explaining tasks with as few words as possible and using visual cues, modeling or demonstration when possible.
3. Give [plaintiff] frequent feedback in order to improve his performance. Feedback should initially be relatively continuous, gradually reduced to intermittent, and eventually provided only upon [plaintiff's] completion of an assignment.
4. It may be necessary to give [plaintiff] very specific routines for work completion.
5. [Plaintiff] should be encouraged to explore employment opportunities that allow for flexibility in scheduling and completion of tasks.
6. Employers/trainers should demonstrate directions and instructions when possible.
7. Those instructing [plaintiff] should limit verbal instructions to one or two actions per sentence and verify understanding before continuing.
8. A recommended strategy for [plaintiff] is to repeat directions aloud to himself to ensure that he understands and remembers them.
9. [Plaintiff] may profit from rehearsal when trying to remember orally-presented information. Rehearsal involves repeating the information over and over in order to keep it available in short-term memory.

10. [Plaintiff] may compensate for his limited memory capacity by writing down important information as quickly as possible after it is presented. Recording orally-presented information in writing not only makes information visual but also requires the integration of modalities.
11. [Plaintiff] should be encouraged to use a "memory book" that would include information such as his daily schedule; important names, addresses, and phone numbers, personal information; medication schedule; and due dates of monthly bills.
12. [Plaintiff] should consider career choices that maximize hands-on activities that minimize verbal skills.
13. [Plaintiff] should primarily concentrate on remembering only the most important information presented. Because he may not remember everything simultaneously, he should focus on main ideas until that information becomes part of his general fund of knowledge, and then proceed to the less-critical or more-detailed information.
14. [Plaintiff] may benefit from regularly and frequently reviewing information that must be remembered.
15. [Plaintiff] may find it useful to read written instructions and material aloud to capitalize on the added auditory processing component.
16. It may be useful for [plaintiff] to make audio recordings of assignments and instructions.

Tr. 454-53.

In considering Dr. Stalick's recommendations, the ALJ gave them "some weight." Tr. 21. The ALJ found the "purpose of [this] evaluation was for vocational rehabilitation purposes, the recommendations are not specific work restriction or requirements." Tr. 21. Rather than binding restrictions, these recommendations allowed plaintiff to "optimize success in the workplace." Tr. 21.

Plaintiff visited Dr. Stalick on referral from the Siletz Tribe office of Vocational Rehabilitation in Keizer, Oregon. Tr. 453. In context of this referral, Dr. Stalick's recommendations related to plaintiff's vocational rehabilitation. The "limitations" Dr. Stalick described appeared under the "recommendations" section of the report. Tr. 454. Recommendations about future vocational training and support do not equate to an opinion

plaintiff is incapable of working except under the recommended conditions. Valentine v. Comm'r Soc. Sec. Admin, 574 F.3d 685, 691 (9th Cir. 1984).

Conversely, the Commissioner's consulting physician, Dr. Ben G. Kessler, did opine on how plaintiff's mental limitations would ultimately affect plaintiff's work ability. See Tr. 91. In reviewing plaintiff's medical records, including Dr. Stalick's report, Dr. Kessler determined plaintiff could sustain "simple routine work." Tr. 91. Accordingly, the ALJ gave Dr. Kessler's opinion greater weight. Tr. 19, 22. The ALJ did not err in incorporating Dr. Kessler's opinion into the RFC and excluding Dr. Stalick's recommendations. See Valentine, 574 F.3d at 691.

2. Failure to Develop the Record

Plaintiff asserts the ALJ failed to fully develop the record regarding a prior award of disability benefits. The ALJ has a duty to develop the record when the evidence is ambiguous or inadequate. Tonapetyan v. Halter, 242 F.3d 1144, 1050 (9th Cir. 2001). The ALJ decides if the evidence in the record is inadequate by considering the record as a whole. Id. Although not relevant here, the ALJ's duty to fully develop the record is heightened when the claimant is unrepresented, represented by a lay person, or mentally ill. Id. However, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore all relevant facts." Rondinelli v. Astrue, 2010 WL 3464947, *11 (S.D. Cal. May 20, 2010) (citing Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992). It is not necessary for the ALJ to discuss all evidence, rather, only the reason significant probative evidence has been rejected. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

During the administrative hearing the ALJ inquired regarding any previous benefits awards:

> Q:  Do you know or Mr. McCullam have you ever been on Social Security before?

> A: Yes.
> Q: And you know when you got Social Security in the past?
> A: Yes. I was 2005 I think.
> Q: Okay. All right. And do you know why your Social Security was stopped?
> A: I was working and I was, they sent a letter to me years ago saying that I owed $8,000. Turn around it was their mistake. They screwed up somehow.
> ALJ: That would make sense because there is a notice of award in the file but I couldn't figure out what it's from. So that's interesting. That may mean that they might have find him disabled for under 12.05C. I'll look into that Mr. Cox.

Tr. 35-36.

This Court "must judge the propriety of [administrative] actions solely by the grounds invoked . . . [i]f those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be more adequate or proper basis." SEC v. Chenery Corp., 332 U.S. 194, 196 (1947). In reviewing an ALJ's findings, the Court can only review the reasons the ALJ provided for his determination, and may not affirm "on a ground upon which he did not rely." Orn, 495 F.3d at 630. If the ALJ erred, it is necessary to determine if the error was harmful as the Court may not reverse based on a harmless error. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). The burden of showing harmful error "normally falls upon the party attacking the agency's determination." Id. (quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009)) (internal citations omitted). It is recognized the "harmless error principles apply in the Social Security Act context." Id. at 1115 (internal citation omitted). Errors are harmless where it was clear they did not alter the ALJ's decision. Id.

As noted above, the ALJ indicated concern about a possible previous determination of benefits under Listing 12.05(C). A previous award may prove important to this case as res judicata applies to administrative decisions, although less rigidly than to judicial proceedings. Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988) (internal citations omitted).

The record indicates plaintiff received benefits beginning in 2002, and then his benefits were stopped apparently due to his return to work in 2005. Tr. 233, 35. The record also indicates the Administration denied a 2006 application for benefits, Tr. 74, although fails to provide a reason for that denial.

The Commissioner now asserts the 2006 denial creates a presumption of continuing non-disability; however, it is unclear what impact a previous Listing 12.05(C) determination would have on plaintiff's current application. If it was previously adjudicated plaintiff met 12.05(C), he would have necessarily been found to met both requirements of the introductory paragraph (significantly subaverage general intellectual functioning with deficits in adaptive functioning; and onset before age 22) and the specific requirements under section "C" (a valid verbal, performance, or full scale IQ of 60 to 70; and a physical or other mental impairment imposing an additional and significant work-related limitation of function). See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05. Here, the ALJ found plaintiff met the section "C" requirements of 12.05(C), but not the introductory paragraph requirement. Because the facts relied on to satisfy the introductory paragraph requirements cannot change after age 22, a previous determination the introductory paragraph requirements were met would preclude a contrary determination now.

The ALJ noted the record required further development as to whether there was a previous finding that plaintiff met Listing 12.05(C). Indeed, the ALJ informed plaintiff and his representative that he would "look into that." Tr. 36. However, the record contains no further information on this subject.

This Court "must judge the propriety of [the decision] solely by the grounds invoked . . . [i]f those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be more adequate or proper basis." SEC, 332 U.S. at

196. While a claimant has the duty to prove he is disabled, Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001), the ALJ has a duty to develop the record when there is ambiguous or inadequate evidence in the record, Tonapetyan v. Halter, 242 F.3d 1144, 1050 (9th Cir. 2001). Therefore, because the ALJ's duty to develop the record was triggered by the ambiguous nature of previous benefit awards, and the record offers no insight into this duty's satisfaction, the ALJ failed to adequately develop the record in this regard.

3. Plaintiff Failed to Meet 12.05(C) Listing in his Application

Finally, plaintiff asserts the ALJ erred in finding he did not meet Listing 12.05(C). Because the ALJ failed to inquire about a potential previous finding that plaintiff met Listing 12.05(C), this Court is unable to evaluate whether the ALJ properly determined plaintiff did not meet the Listing. Accordingly, a remand for further proceedings is necessary.

CONCLUSION

Pursuant to sentence 4 of 42 U.S.C. § 405(g), the Commissioner's decision is REVERSED and REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 6th day of October 2017.

    s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge